IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA
OMAHA DIVISION

| | |
|---|---|
| UNITED FIRE & CASUALTY COMPANY, A/S/O TONY'S STEAKHOUSE, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>VENTURA FOODS, LLC AND SYSCO CORPORATION,<br><br>    Defendant. | Case No.: 8:16-CV-00144<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT AND JURY DEMAND** |

COME NOW the Defendants, Ventura Foods, LLC and Sysco Corporation, by and through counsel, Hopkins & Huebner, P.C., and for their Answer to the Plaintiffs' Complaint and Jury Demand, state the following, responding to the like-numbered paragraphs of the Complaint:

## **JURISDICTION**

1.      Defendants admit the allegations set forth in Paragraph 1 of Plaintiffs' Complaint and Jury Demand.

2.      Defendants admit the allegations set forth in Paragraph 2 of Plaintiffs' Complaint and Jury Demand.

3.      Defendants deny the allegations set forth in Paragraph 3 of Plaintiffs' Complaint and Jury Demand for lack of knowledge and information upon which to form a belief at this time.

4.      Defendants admit the allegations set forth in Paragraph 4 of Plaintiffs' Complaint and Jury Demand.

5. Defendants admit the allegations set forth in Paragraph 5 of Plaintiffs' Complaint and Jury Demand.

## COMMON ALLEGATIONS

6. Defendants deny the allegations set forth in Paragraph 6 of Plaintiffs' Complaint and Jury Demand for lack of knowledge and information upon which to form a belief at this time.

7. Defendants deny the allegations set forth in Paragraph 7 of Plaintiffs' Complaint and Jury Demand for lack of knowledge and information upon which to form a belief at this time.

8. Defendants admit the allegations set forth in Paragraph 8 of Plaintiffs' Complaint and Jury Demand.

9. Defendants admit the allegations set forth in Paragraph 9 of Plaintiffs' Complaint and Jury Demand.

10. Defendants admit that prior to December 22, 2013, Tony's purchased from, and had delivered by, Sysco the product known as Reliance Clear Soybean Frying Shortening ZTF, but deny the remainder of the allegations set forth in Paragraph 10 of Plaintiffs' Complaint and Jury Demand for lack of knowledge and information upon which to form a belief at this time.

11. Defendants deny the allegations set forth in Paragraph 11 of Plaintiffs' Complaint and Jury Demand for lack of knowledge and information upon which to form a belief at this time.

12. Defendants deny the allegations set forth in Paragraph 12 of Plaintiffs' Complaint and Jury Demand for lack of knowledge and information upon which to form a belief at this time.

13. Defendants deny the allegations set forth in Paragraph 13 of Plaintiffs' Complaint and Jury Demand for lack of knowledge and information upon which to form a belief at this time.

14. Defendants deny the allegations set forth in Paragraph 14 of Plaintiffs' Complaint and Jury Demand for lack of knowledge and information upon which to form a belief at this time.

15. Defendants deny the allegations set forth in Paragraph 15 of Plaintiffs' Complaint and Jury Demand for lack of knowledge and information upon which to form a belief at this time.

16. Defendants deny the allegations set forth in Paragraph 16 of Plaintiffs' Complaint and Jury Demand for lack of knowledge and information upon which to form a belief at this time.

17. Defendants deny the allegations set forth in Paragraph 17 of Plaintiffs' Complaint and Jury Demand for lack of knowledge and information upon which to form a belief at this time.

18. Defendants deny the allegations set forth in Paragraph 18 of Plaintiffs' Complaint and Jury Demand.

19. Defendants deny the allegations set forth in Paragraph 19 of Plaintiffs' Complaint and Jury Demand.

20. Defendants deny the allegations set forth in Paragraph 20 of Plaintiffs' Complaint and Jury Demand for lack of knowledge and information upon which to form a belief at this time.

### COUNT I – NEGLIGENCE-FAILURE TO WARN
#### (VENTURA FOODS)

21. Defendants replead their responses to Paragraphs 1 through 21 of Plaintiffs' Complaint and Jury Demand as though fully set forth herein.

22. Defendants admit the allegations set forth in Paragraph 22 of Plaintiffs' Complaint and Jury Demand.

23. Defendants admit the allegations set forth in Paragraph 23 of Plaintiffs' Complaint and Jury Demand.

24. Defendants deny the allegations set forth in Paragraph 24 of Plaintiffs' Complaint and Jury Demand.

25. Defendants deny the allegations set forth in Paragraph 25 of Plaintiffs' Complaint and Jury Demand.

26. Defendants deny the allegations set forth in Paragraph 26 of Plaintiffs' Complaint and Jury Demand.

27. Defendants deny the allegations set forth in Paragraph 27 of Plaintiffs' Complaint and Jury Demand.

28. Defendants deny the allegations set forth in Paragraph 28 of Plaintiffs' Complaint and Jury Demand for lack of knowledge and information upon which to form a belief at this time.

29. Defendants deny the allegations set forth in Paragraph 29 of Plaintiffs' Complaint and Jury Demand for lack of knowledge and information upon which to form a belief at this time.

WHEREFORE, Defendants pray the Court dismiss Plaintiffs' Complaint, with costs assessed to Plaintiffs, and for any such other and further relief as the Court may deem just or appropriate under the circumstances or applicable law.

## COUNT II – NEGLIGENCE-FAILURE TO WARN
## (SYSCO CORPORATION)

30.     Defendants replead their responses to Paragraphs 1 through 20 of Plaintiffs' Complaint and Jury Demand as though fully set forth herein.

31.     Defendants admit the allegations set forth in Paragraph 31 of Plaintiffs' Complaint and Jury Demand.

32.     Defendants admit the allegations set forth in Paragraph 31 of Plaintiffs' Complaint and Jury Demand.

33.     Defendants deny the allegations set forth in Paragraph 33 of Plaintiffs' Complaint and Jury Demand.

34.     Defendants deny the allegations set forth in Paragraph 34 of Plaintiffs' Complaint and Jury Demand.

35.     Defendants deny the allegations set forth in Paragraph 35 of Plaintiffs' Complaint and Jury Demand.

36.     Defendants deny the allegations set forth in Paragraph 36 of Plaintiffs' Complaint and Jury Demand.

37.     Defendants deny the allegations set forth in Paragraph 37 of Plaintiffs' Complaint and Jury Demand for lack of knowledge and information upon which to form a belief at this time.

38.     Defendants deny the allegations set forth in Paragraph 38 of Plaintiffs' Complaint and Jury Demand for lack of knowledge and information upon which to form a belief at this time.

WHEREFORE, Defendants pray the Court dismiss Plaintiffs' Complaint, with costs assessed to Plaintiffs, and for any such other and further relief as the Court may deem just or appropriate under the circumstances or applicable law.

## **AFFIRMATIVE DEFENSES**

In further answer to Plaintiffs' Complaint, Defendants state affirmatively as follows:

1. Plaintiffs' Complaint fails to state a cause of action upon which any relief may be granted against Defendants.

2. The sole proximate cause or a proximate cause of the damages alleged in Plaintiffs' Complaint was the fault of Plaintiffs.

3. In the alternative, Defendants state affirmatively and allege that Plaintiffs' fault is greater than 50 percent of the total fault of all parties to this lawsuit and, therefore, Plaintiffs are barred from recovery against Defendants.

4. In further alternative, Defendants state and allege that the contributory fault of the Plaintiffs should be compared to all other parties to the lawsuit.

5. The sole proximate cause or a proximate cause of the damages to Plaintiffs, if any, were caused by independent, intervening and/or superseding actions and/or conduct of other individuals, entities or non-parties other than Defendants over which Defendants exercised no control or dominion thereby, barring any recovery by Plaintiffs as against Defendants.

6. Defendants reserve the right to amend their Answer and Affirmative Defenses as this case proceeds and discovery is conducted.

WHEREFORE, Defendants pray the Court dismiss Plaintiffs' Complaint, with costs assessed to Plaintiffs, and for any such other and further relief as the Court may deem just or appropriate under the circumstances or applicable law.

                    HOPKINS & HUEBNER, P.C.

By /s/ *Jeffrey D. Ewoldt*
   Jeffrey D. Ewoldt, Iowa AT0002384
   2700 Grand Avenue, Suite 111
   Des Moines, IA 50312
   Telephone: (515) 244-0111
   Facsimile: (515) 244-8935
   Email: jewoldt@hhlawpc.com
   *Admitted Pro Hac Vice*
   ATTORNEY FOR DEFENDANTS

Copies to:

Brian T. Bailey
Gibson Kolb
745 McClintock Drive, Suite 240
Burr Ridge, IL 60527

Thomas M. White
White & Jorgensen
Douglas Building, Suite 310
209 South 19th Street
Omaha, NE 68102
ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon each of the attorneys of record of all parties to the above-entitled cause herein at their respective addresses disclosed on the pleadings of record on the 13th day of June, 2016.
By  ☐ U.S. Mail    ☐ Fax
      ☐ Hand Delivery  ☒ Electronically through CM-ECF
      ☐ Private Carrier  ☐ Other:_____
Signature /s/ Kathy Flaherty

7